IRVING A. RUBIN, Suing on Behalf of Himself and All Other Persons Similarly Situated Holding Both Life Insurance Policies and Total and Permanent Disability Contracts Issued by the Defendant Metropolitan Life Insurance Company, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

First Department, June 22, 1937.

*Abraham L. Pomerantz* of counsel [*Irving A. Rubin* with him on the brief; *Abraham L. Pomerantz* and *Rubin & Rubin,* attorneys], for the plaintiff.

*Wm. Marshall Bullitt,* special counsel *pro hac vice* [*Harry Cole Bates,* general counsel, with him on the brief; *Tanner, Sillcocks & Friend,* attorneys], for the defendant.

UNTERMYER, J. The basic principles controlling the equitable distribution of divisible surplus in mutual life insurance were fully stated in *Rhine* v. *New York Life Insurance Co.* (248 App. Div.

120; affd. [opinion by LEHMAN, J.], 273 N. Y. 1). The plaintiff there sued on behalf of herself and all other holders of life insurance policies containing disability benefits, for a judicial determination of the right of the company to pay larger dividends on policies containing death benefits only than upon corresponding policies containing disability benefits. It was held that section 83 of the Insurance Law was complied with if the divisible surplus was apportioned to each policy in the ratio in which the policyholder contributed thereto. The Court of Appeals said:

" If a policy which provides life insurance combined with disability benefits constitutes but a single agreement given to the insured in exchange for a stipulated premium or payment, then indubitably the apportionment made by the company is equitable, for upon each ' policy ' the company then pays exactly the excess of the premium paid over the cost of furnishing the insurance and benefits promised by the policy. The plaintiff and other holders of policies which provide for disability benefits in addition to life insurance have no ground for complaint unless their policies are divisible into an agreement for life insurance made in exchange for a stipulated premium and a second agreement independent of the agreement for life insurance and made in exchange for a separate premium. * * * When the divisible surplus is apportioned to all the policies, each should receive the excess of premium over cost of furnishing the insurance, or, in other words, the amount it has contributed to the divisible surplus. * * *

" The policy exacts a ' total premium ' for the totality of the promises of the company, and the statement that the ' total ' premium includes an ' extra ' premium for disability benefits serves to inform the policyholder of the manner in which the premium is made up and the amount by which the premium may be decreased if the policyholder desires life insurance alone. * * * The company has agreed to furnish life insurance combined with disability benefits for a ' total ' premium which includes an ' extra premium ' for the disability benefits. Promises and premiums are separable for some purposes, but the totality of the promises is given in exchange for the total premium. No promise of disability benefits alone could be obtained for the extra premium alone."

This also is a representative action instituted by plaintiff for himself and on behalf of every other person to whom the Metropolitan Life Insurance Company has issued both an ordinary life policy and a supplementary contract providing for disability benefits. The theory on which the plaintiff seeks to distinguish

this action from the *Rhine* case is that the disability benefits pertaining to his life insurance policy are printed on the statutory " rider form," entitled " Supplementary Contract attached to and made a part of " the policy, and pasted therein, whereas, in the *Rhine* case, they were printed as an integral part of the policy.   The distinction, however, is one of form only.  No difference exists between the two methods of including disability benefits in a policy of life insurance.

In neither case do the disability provisions constitute separate contracts of insurance, even though they show separately the additional premium for the disability benefit as  required by State regulation.  Many circumstances show this to be true.  Thus, if the life insurance should lapse, the disability benefits would not survive nor could they be continued.   The disability " rider," taken alone, is incomplete and meaningless and, except by reference to the remaining provisions of the policy, fails to disclose most of the essential terms.  Moreover, the policy describes itself  many times as a single policy.  These circumstances, without reference to many others, require the conclusion that the policy, together with the " Supplementary Contract," constitute a  single instrument, both by physical union and in legal effect.  Indeed, we find nothing to justify a distinction in the respective rights and liabilities of the defendant and its policyholders under the plaintiff's policy and the policy of insurance under consideration in the *Rhine* case.

Accordingly judgment should be directed in favor of the defendant, without costs.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of the defendant, without costs.   Settle order on notice.