THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Plaintiff, *v.* EMANUEL M. KAPLAN and Others, Defendants.

Supreme Court, Special Term, New York County, June 9, 1938.

*Alexander & Green*, for the plaintiff.

*Goldstein & Goldstein*, for the defendant Emanuel M. Kaplan.

COTILLO, J. Plaintiff insurance company instituted this action to recover judgment declaring rescinded and null and void the disability and double indemnity provisions contained in three policies, and the double indemnity provision in a fourth policy, issued by it to the defendant Emanuel Kaplan, because of alleged false representations made by defendant in response to questions submitted to him when applying for such policies. The proof adduced on the trial, both oral and documentary, incontrovertibly indicates the falsity of the representations and the materiality thereof; and on those questions the decision of the court is in favor of the plaintiff.

Defendant, in contesting the right of the plaintiff to the relief sought, raised the following questions, which are disposed of as follows:

I. May plaintiff, regardless of the truth or falsity of the alleged misrepresentations, maintain this action in view of the fact that the life insurance provisions, as well as the double indemnity and disability features contained thereon, constitute a single contract?

This question, as defendant now apparently concedes, has been decided adversely to his contention by the appellate courts in such cases as *Rhine* v. *New York Life Ins. Co.* (273 N. Y. 1); *Equitable Life Assur. Soc.* v. *Kushman* (276 id. 178) and *Rubin* v. *Metropolitan Life Ins. Co.* (251 App. Div. 382), and no further discussion of the matter is essential here.

II. Has plaintiff presented such facts as would warrant the court in equity and good conscience to order partial rescission? The answer to this question is found in the facts, which by the over-

whelming weight of evidence are resolved in plaintiff's favor. The equities are plainly with the insuring company in this case.

III. May plaintiff obtain a decree of partial rescission without establishing that the false representations were made with actual intent to deceive or that they materially affected the acceptance of the risk or the hazard assumed by the insurer? Defendant contends that section 107 of the Insurance Law, and not section 58, controls this phase of the case. Whichever section applies, the courts have clearly held that even an innocent misrepresentation is sufficient if material as an inducement for the issuance of the policy. (*E. D. P. Dye Works* v. *Travelers Ins. Co.,* 234 N. Y. 441; *Manhattan Life Ins. Co.* v. *Schwartz,* 274 id. 374; *Geer* v. *Union Mutual Life Ins. Co.,* 273 id. 261.) In any event, there would be no difficulty in finding upon the facts here presented that defendant's statements were made with intent to deceive and materially affected the acceptance of the risk and the hazard assumed.

IV. Is plaintiff's right to recover defeated by the alleged failure to comply with subdivision b of section 107 of the Insurance Law, requiring every *printed* portion thereof and all indorsements and attached papers to be plainly printed in not less than ten-point type? The photostatic copies of defendant's applications did not comply with this section. It is at best doubtful if section 107 applies to life insurance policies, but even if it does, the photostatic copies of defendant's own application are not within the purview of the section, and defendant has in no manner been prejudiced by the reproduction by photographic process rather than in print of questions and answers he then represented and still claims to be true.

Judgment is directed for the plaintiff. Findings have been passed upon. Submit judgment on notice.