## SULLIVAN v. PENN MUT. LIFE INS. CO.
### No. 6622.

Circuit Court of Appeals, Seventh Circuit.

Nov. 30, 1938.

Warren Camaday and Edmond M. Sullivan, both of Chicago, Ill., for appellant.

Edward R. Johnston and Robert Z. Hickman, both of Chicago, Ill. (Edward R. Johnston, of Chicago, Ill., of counsel), for appellee.

Before EVANS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

■ Plaintiff appeals from a decree dismissing his amended bill for want of equity. His original bill was filed Nov. 1, 1937, in behalf of himself, as a policyholder of defendant, and of all other policyholders similarly situated. The following averments are admitted by the motion to dismiss.

Defendant is a mutual life insurance company, and on September 6, 1927, issued to plaintiff a $5,000 life policy containing a provision for waiver of premiums and payment of $50 per month, in the event of plaintiff's total and permanent disability. It was stipulated therein that of the total premium of $97.50, $7.45 was included for the disability benefits provision.

The company issued many similar policies containing no disability benefits provision and many with such coverage. The premium upon policies like plaintiff's but not containing such provision was, at plaintiff's age, $90.05 and on those containing the provision $97.50. The policy provided for the payment of dividends realized from premiums received, after deducting the cost of carrying the insurance and maintenance of proper reserves, the provision being that the policy would participate in the surplus while in force by payment of premiums. "Dividends will be determined and accounted for by the company * * * at the end of the second and of each subsequent policy year." The policyholder had the right to receive the dividend in cash or apply it toward reduction of the premium for the succeeding year.

In each of the calendar years 1928 to 1933, inclusive, defendant paid exactly the same dividends on plaintiff's policy as it paid on similar policies which included no disability benefit clause. Commencing with the year 1934, it paid larger dividends on policies not containing the disability benefit clause than it paid to plaintiff and others on policies containing such provisions. Defendant gave no notice of this change in basis of computation of dividends and plaintiff did not learn of it until shortly before suit. The dividends awarded to plaintiff for each year subsequent to 1934 were $5.25 less than those awarded to holders of policies which did not include disability benefit clauses. After deducting his dividends from premiums, therefore, instead of plaintiff's policy costing $7.45 extra it cost him $12.70 more than those which included no provision for disability benefits. Other policyholders of the same class were treated similarly.

Upon these facts the plaintiff alleged further that the payment by defendant of larger dividends on policies without disability benefit clauses than on otherwise

similar policies with such provisions constituted an exaction from plaintiff and from those for whom he sues of a greater charge for disability benefits than the sums specifically stipulated therefor in their policies, illegal discrimination against the members of the class and a breach of contract on the part of defendant to provide disability benefits to the plaintiff, and to those similarly situated, for the premium therefor stipulated; that the excess paid in dividends to holders of policies without disability benefit clauses over the aggregate of dividends paid to holders of otherwise similar policies but containing disability benefit provisions "constitutes a fund which has been wrongfully distributed by defendant and for which plaintiff seeks an accounting for himself and others similarly situated"; that the plaintiff and others of the same class have a joint, common and collective interest in such fund, constituting the subject matter of the controversy; that under defendant's accounting method, it treats life insurance and total and permanent disability insurance as separate and distinct classes of business and separately allocates to each of such classes, expenses, taxes and other disbursements separately chargeable thereto, and keeps a record of its reserve on life insurance separate from that of its reserve on disability insurance and separately reports the increase or decrease of each of the same to various proper public officials. Upon these allegations plaintiff prayed that the court might decree the fund to be a common fund for plaintiff and those similarly situated and determine their proper interests therein.

Defendant moved to dismiss the amended bill and the court so ordered, for the reasons, it said, that plaintiff's contract is entire and not susceptible of division into two independent agreements; that defendant may properly apportion its surplus so as to give to each class of policyholders that share of each class which the policies of such class may be shown by the records of the company to have justly earned; that in the absence of fraud or abuse of discretion the problem is one for the company and not for the court, and that action by the court would amount to undue interference with the internal affairs of a foreign corporation not justified by public policy except in exceptional cases, within which the present one does not fall.

The only question submitted to us, therefore, is whether the court erred in concluding that plaintiff failed to state a cause of action cognizable in the trial court.

It will be observed that the facts relied upon by plaintiff are that he agreed to pay $7.45 additional to have included in his policy a provision granting him disability insurance in addition to life insurance; that at the time when the policy was issued, there was being paid by the company and thereafter was paid by the company until 1934, the same dividends upon such policies as were received by holders of other policies in all matters similar except that they did not include disability insurance. After 1934, the dividends for plaintiff and others similarly situated were substantially less than those dividends paid to policyholders whose policies did not provide for disability insurance, and the company upon its books treated the cost and reserves against life insurance and those against disability annuity as separate funds. From these facts plaintiff concluded and alleged that the discrimination in dividends was illegal and improper. To sustain the bill, therefore, this court must say that the unadorned facts alleged create an illegal situation,—a wrong to the plaintiff. We believe this a non-sequitor.

There are no allegations of facts which disclose to this court how the respective dividends were computed or upon what theory the company made its calculation. If we were to say that illegality results from the averments, then we would have to say as a matter of law that a policy which provides for a single premium for life and disability insurance must be treated upon exactly the same basis, so far as dividends are concerned, as are policies in which the premium is paid only for life insurance. We do not find in the bill anything justifying such construction as a matter of law. Indeed, if any inference can properly be drawn, apparently, in view of other authorities, that inference must be to the contrary.

Thus, in Rhine v. New York Life Ins. Co., 273 N.Y. 1, 6 N.E.2d 74, 108 A.L.R. 1197, plaintiff, holder of two policies for life insurance in a mutual company, brought a suit similar to that presented here. Each policy provided for disability insurance in substantially the same manner as does the policy before us. Each provided for an annual premium of $30.30, which included $2.96 for disability insurance benefits. There plaintiff complained of the same alleged discrimination here complained of,

562

and prayed that the Insurance Company be compelled to account for the difference between the dividends distributed on life insurance policies and those distributed on similar policies containing a provision for disability insurance. The court held that plaintiff was not entitled to the relief prayed, saying [page 77]:

"The holder of every policy of life insurance contributed to the divisible surplus the excess which he paid for such insurance over the cost of furnishing it; the holder of every policy which provided additional disability benefits depleted the devisible surplus by the amount in which the 'extra premium' was insufficient to pay the cost of furnishing the additional benefits. Then if the company repays to the holder of each policy of life insurance the amount which he paid in excess of the cost of furnishing the insurance and to the holder of each policy of life insurance with additional disability benefits, the excess of the total amount he paid for that policy over the cost of furnishing the life insurance and disability benefits, promised by that policy, the divisible surplus will have been apportioned to each policy in the same proportion as the holder of the policy contributed to that surplus and each policyholder will have paid the company the exact cost of furnishing the insurance or benefit promised by his policy. * * * We have not overlooked the fact that the defendant company did not determine until 1931 that apportionment should be made in this manner, and that other companies still make other apportionment. The Insurance Law allows, as we have said, discretion in the manner in which apportionment may be made. So far as appears now, it may well be that both methods of apportionment lie within the range of that discretion."

This case was followed in Rubin v. Metropolitan Life Ins. Co., 251 App.Div. 382, 296 N.Y.S. 908, affirmed by the Court of Appeals of New York July 7, 1938, in 278 N.Y. 625, 16 N.E.2d 293.

Upon the bare facts alleged, it is impossible to infer that the action of the company in its manner of treatment of the two classes of insurance, was anything other than fair to all policyholders. There may well be a distinction in the earnings on ordinary life insurance policies containing disability insurance provisions and those on policies with no such provisions. It is only logical that additional expenses of administration and of investigation and payment of claims will attach to policies such as that of plaintiff which do not arise out of policies for straight life insurance. The earnings from the premiums of the two classes of policies may well differ. The mere fact that an additional premium is received by the company for the disability provision, which entails additional expense, does not necessarily mean that the company has contracted that such additional expense shall not be taken from the surplus contributed by such policies.

The decree is affirmed.