## WALLER, Plaintiff-Appellant, v. LEACH, et al., Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

Nos. 3809, 3810, 3811 and 3812. Decided June 16, 1945.

B. F. Hughes, Columbus, for plaintiff-appellant, and for the motion.

Thomas E. Brock, Columbus, for defendants-appellees, contra the motion.

Hon. Hugh S. Jenkins, Atty. Genl., C. G. L. Yearick, Albertus B. Conn, Asst. Attys. Genl., Columbus, and James H. Davis, Columbus, for Messrs. William T. Blake, George Coffinbery and James A. White, defendants.

### OPINION

BY THE COURT:

Submitted on motions of plaintiff-appellant to dismiss defendants-appellees' reply brief from the file on the ground that it was not filed within sixty-five days as provided by Rule VII of the Court of Appeals of Ohio.

The designation of appellees' brief as "Reply Brief" is incorrect. It is an answer brief. As counsel for appellant assumes in his motion, this brief was not filed within sixty-five days after the filing of the notice of intention to appeal

as provided in Rule VII. However, it will be noted that that part of Rule VII which authorizes the Court to penalize a party for failure to file briefs relates to the failure of the **appellant** to file his assignments of error, briefs, or bill of exceptions. The penalty for failure to file such briefs is dismissal of the appeal for want of prosecution. It is this provision of the Rule which this Court has for years consistently enforced, which was under consideration by the Supreme Court in **Anderson v The Industrial Commission, 135 Oh St 77.** The cited case is not authority to dismiss the answer brief of appellee filed in this case.

We have followed the practice, without exception, of permitting an appellee to file a brief in any cause if done before the Court takes the case for adjudication, assuring, however, to the appellant the right to file a reply brief. This procedure is adopted principally for the reason that the Court desires to have briefs on any question which it is required to determine.

The appellant and the appellee are in a different status on an appeal on questions of law. Unless the appellant. who has the burden in the reviewing Court, follows up his appeal and files briefs therein, the Court is put to the necessity either of determining the case without any written detailed statement of claimed errors and citations to support them, or to dismiss the appeal. In the interest of expedition in the trial of cases on review the Court in its judgment, has concluded that unless an appellant observes the rule as to filing of briefs it is only proper that his appeal should not be considered. On the other hand, if the appellant files briefs within rule, then the case must be determined, and if the appellee does not choose to file briefs, the Court is denied that assistance which it should have in making proper determination of the cause. In this situation, to strike a brief of appellee from the files because it had not been filed within rule might have the effect only of putting the Court to the necessity of doing research work, which it might avoid if the brief was permitted to be filed.

The Court will at all times assist an appellant who has observed the rules in assigning his case for hearing even though appellee has filed no brief, if his time within which to file it has elapsed.

The motion will be overruled and plaintiff-appellant will be given five days from the entry journalizing this decision to file reply brief, if desired.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.