CHASTANG, ET, Plaintiff-Appellant, v THE MUTUAL LIFE INS. CO., OF NEW YORK, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3866. Decided March 7th, 1946.

514

Manuel Koslen, and Charles J. Chastang, Columbus, and Wm. S. Schwartz, Cincinnati, for plaintiff-appellant.

Louis W. Dawson, New York, N. Y., Wm. Marshall Bullitt, Louisville, Ky., and Arnold, Wright, Purpus & Harlor, Columbus, for defendant-appellee.

## OPINION

By WISEMAN, J.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, wherein the plaintiff-appellant instituted an action for declaratory judgment which had for its purpose the determination of his rights and status as a policyholder in the Mutual Life Insurance Company of New York, defendant-appellee.

For the purpose of brevity, the plaintiff-appellant, Charles J. Chastang, will be referred to as "plaintiff" or "Chastang", and the defendant-appellee, The Mutual Life Insurance Company of New York, will be referred to as "defendant company."

The plaintiff brought the action on his own behalf and on behalf of all others similarly situated.

The record shows that by agreement of the parties, the cause was submitted to the trial court as a class action, upon the pleadings, interrogatories, answers thereto, stipulations and exhibits. The trial court rendered two separate opinions and also a separate findings of fact and conclusions of law.

It was stipulated and agreed that Chastang, who at all times was a resident of the State of Ohio, on January 19, 1929, in Cincinnati, Ohio, had issued to him by the defendant company a $5000.00 policy of insurance on his life, said policy being designated as a "Limited Payment Life Policy with Double Indemnity for Death by Accident and Increasing Total and Permanent Disability Benefits" and being policy No. 4,097,734; that Chastang kept said policy in full force and effect; that the defendant company is a corporation organized and existing under and by virtue of the laws of the State of New York, and licensed to do business as a foreign insurance company in the State of Ohio. It was further stipulated and agreed that the

policy was issued pursuant to an application made in writing by Chastang upon a form presented to him by the agent of the defendant company for the above described insurance, and that at the time the application was madé Chastang paid said agent in cash the first semi-annual premium in the amount of $66.00, of which $2.80 was the premium for the Double Indemnity Benefit, and $7.95 the premium for the Disability Benefits.

The record discloses, and the trial court so found, that for seven years after the policy was issued to Chastang the defendant company paid to him the same dividend (in dollars and cents) per $1000.00 face amount of life insurance specified in Chastang's policy as it paid to other policyholders of the same age, same expectation of life, and who held exactly similar policies to that held by Chastang but which did not contain any provisions for disability benefits; that beginning in 1937 and continuously through 1942, the defendant company annually paid to Chastang a smaller dividend (in dollars and cents) on his policy than it paid to other policyholders of the same age, same expectation of life, and who held exactly similar policies to that held by Chastang but which did not contain any provision for disability benefits. The record shows that the dividends (per $1000.00 face amount of insurance) which the defendant company paid during the calendar years 1930 to 1942, both inclusive, (1) on Chastang's Policy No. 4,097,-734 with disability benefits, and (2) on a corresponding policy without disability benefits, were as follows:

| Calendar Year | Dividends paid on Policy No. 4,097,734 with Disability Benefits (per $1,000) | Dividends which would have been paid on corresponding policy issued without Disability Benefits (per $1,000) |
|---|---|---|
| 1930 | $6.74 | $6.74 |
| 1931 | 6.82 | 6.82 |
| 1932 | 6.60 | 6.60 |
| 1933 | 5.47 | 5.47 |
| 1934 | 5.37 | 5.37 |
| 1935 | 5.42 | 5.42 |
| 1936 | 5.14 | 5.14 |
| 1937 | 3.34 | 5.98 |
| 1938 | 3.01 | 5.65 |
| 1939 | 1.61 | 4.25 |
| 1940 | 2.57 | 5.21 |
| 1941 | .45 | 4.54 |
| 1942 | .45 | 4.63 |

The defendant company changed its dividend payment policy in 1937 due to the fact that the defendant company and all other insurance companies for a number of years prior to 1937 found that losses suffered for disability benefits were far in excess of the anticipated losses. The insurance companies set about to rectify the situation by reducing the dividend payment on life insurance policies which contained disability benefits. The defendant company made this change in 1937 so that thereafter the dividends paid on life insurance policy which contained disability benefits were less than the dividends paid on a life insurance policy which contained no disability benefits provision.

In 1942, the plaintiff instituted this action to have the court determine, declare, adjudge and decree the rights, duties, obligations, status, and legal relations of the plaintiff and defendant company under the terms and provisions of the insurance contract, and under the provisions of §9403 GC; and further to have the court determine, declare, adjudge and decree that under the provisions of §9403 GC and under the terms of the life insurance contract issued to the plaintiff, and in accordance with the intent of the parties thereto, it is the legal and contractual duty and obligation of the defendant company to pay to the plaintiff and to others similarly situated for the years 1937, 1938, 1939, 1940, 1941 and 1942 the same dividend per each $1000.00 face amount of life insurance in force as said defendant company paid during said years to individuals of plaintiff's same life insurance class, who had not purchased disability benefits insurance. While the plaintiff in his petition prayed for other relief, in substance, the gist of the plaintiff's action is as herein stated.

At once we are met with the contention that the court was without jurisdiction. The question as to whether the court has jurisdiction of the subject matter can be raised at any stage of the case. It is contended that the plaintiff seeks relief which would require the court to execise visitorial powers over the defendant company, it being a foreign corporation. The principle of law involved is very well established and stated in **Relief Assn. v Assurance Society, 140 Oh St 68**, as follows:

"Courts of Ohio are without jurisdiction to entertain an action against a foreign corporation where the result of granting the relief asked would be to interfere with the management of such corporation or the exercise by the Board of Directors of such corporation of a discretion vested in them by

the laws of the state of creation or domicile of the corporation."

See also Ellis v Mutual Life Ins. Co., 237 Ala., 492; 187 So., 434; **11 O. Jur., p. 718.**

Does the relief sought in the instant case require this court to exercise visitorial powers over the defendant company? We do not think so. The gist of plaintiff's action is to "determine, declare, adjudge and decree the rights, duties, obligations, status and legal relations of plaintiff and all others similarly situated and defendant company under the terms and provisions of the insurance contracts * * * and under the provisions of §9403 GC." The relief sought will not interfere with the internal management of the defendant company or in any manner disturb the Board of Directors in the exercise of a discretion vested in them by the laws of the State of New York. This court is asked to determine the rights of the plaintiff and all others similarly situated in light of the action of the defendant company, which can be done without interfering with the internal management of, or the exercise of visitorial powers over, said defendant company.

Plaintiff in his first, second, fourth, sixth and seventh assignment of errors, contends in substance that the trial court committed prejudicial error in determining that §9403 GC, did not apply, but that §9404 GC, did apply, in determining the plaintiff's rights, and that the trial court committed prejudicial error in not requiring the defendant company to continue paying dividends according to its established custom and practice and in failing to hold that the agreement of life insurance and the agreement of disability benefits insurance are two separate and distinct agreements of insurance.

The one vital question for the court to determine, around which all other matters revolve, is whether the policy of insurance issued to Chastang consisted of two separate contracts, to wit, (1) for life insurance, and (2) for disability benefits, each of which must be considered as an entire separate contract; or whether the disability benefits feature of the policy was an integral part of one life insurance policy, and the policy regarded as one entire contract. There are no reported cases in Ohio, consequently this case becomes one of first impression. In cases where this issue has been raised, the courts have uniformly held that the policy constituted one entire contract. Rhine v New York Life, 248 App. Div. 120 (1936) Aff. 273 N. Y. 1 (1936); Rubin v Metropolitan Life, 251 App. Div. 382 (1937) Aff. 278 N. Y. 625 (1938); Barnett v Metropolitan Life, 258 App. Div. 241 (1939) Aff. 285 N. Y. 627 (1941);

Sullivan v Penn Mutual Life 100 F. (2d), 560 (C. C. A. 7) (1938);
Blackburn v Home Life of New York, 19 Cal. (2d) 226 (1941);
Maynard v Mutual Life Ins. Co., 179 Tenn. 267 (1942); and
Pratt v Mutual Life Ins. Co., 157 Kans., 710 (1944).

The gist of the plaintiff's case is that if the insurance contract is separable he would possess a life insurance contract separate and apart from the disability benefits provision and that on the life insurance contract he would be entitled to receive the same dividend as is received by holders of life insurance policies which did not contain the disability benefit provision. If the plaintiff's contract of insurance is regarded as one entire contract, he cannot prevail.

In the instant case, the disability benefits provision of the life insurance contract was issued in connection with and as a part of a policy of ordinary life insurance. The disability benefits provision of the policy could not be continued in force independently of the death benefit, consequently the disability benefits provision cannot stand alone as an independent contract. The disability benefits provision was written into and was interwoven with and dependent upon the life insurance provision and was an integral part of the policy. Even, where the disability benefits insurance provision was printed upon a separate rider page which was attached to the policy of life insurance, it has been held that the rider was a part of the life insurance contract and both documents constituted one entire contract. Rubin v Metropolitan Life, supra; Blackburn v Home Life, supra.

The plaintiff contends that inasmuch as the semiannual premium in the amount of $66.00 was broken down to show that $2.80 was the premium for the double indemnity benefit and $7.95 the premium for disability benefit, the court would be justified in concluding that the policy of insurance was separable and that by mathematical calculation the premium for life insurance amounted to $55.25 and was in payment of a contract of life insurance, and that $7.95 was the premium in payment of a disability benefits contract. The stipulation in the policy of the amount of the premium for the double indemnity benefit and for disability benefits was made under instructions of the superintendent of insurance, so that if the policyholder wished to terminate the disability benefits feature he would be advised as to the amount of the premium which would be due on the life insurance policy alone. We hold that the policy of insurance held by the plaintiff constituted one entire contract.

The plaintiff contends that he should receive the same dividends on the life insurance feature of his policy as are

received by other holders of life insurance policies of the same age, same expectation of life, and who held exactly similar policies to that held by the plaintiff, but which did not contain any provision for disability benefits, and that any losses which the defendant company has suffered greater than were anticipated on the disability benefits provision of the insurance contract should not operate to reduce the dividends which the plaintiff claims are due him on the death benefit provision of the insurance contract. The plaintiff cites §9403 GC, enacted in 1910, which provides as follows:

"No life insurance company doing business in this state shall make or permit any **distinction or discrimination** in favor of individuals between the insured of **the same class** and equal expectation of life in the amount in payment of premiums, or rates charged for **policies of life or endowment insurance,** or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the contracts it makes; nor shall any such company, or any agent thereof, make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy issued thereon." (Emphasis ours)

Plaintiff contends that the defendant company since 1937, in paying to him and to others similarly situated a smaller dividend than was paid to those holding life insurance contracts which did not provide for disability benefits, made a distinction and discrimination between policyholders in the same class and with equal expectation of life, in violation of the provisions of §9403 GC. However, it is contended by the defendant company that §9403 GC does not apply but that §9404 GC does apply, which in its present form was enacted in 1933 and in part provides as follows:

"No life insurance company, doing business in this state, whether on the group insurance plan or any other plan, shall make or permit any **distinction or discrimination** in favor of individuals between insurants of the same class and equal expectation of life in the amount or payment of premiums or rates charged for **policies of insurance,** or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the contracts it makes; nor, except as otherwise expressly provided by law, shall any such company or any agent thereof, make any contract of insurance or agreement

as to such contract, other than as plainly expressed in policy issued thereon." (Emphasis ours).

The trial court in its first opinion found that §9403 applied and had not been violated by the defendant company. In a subsequent opinion the trial court held that §9403 GC was not applicable inasmuch as that section sought to control "policies of life or endowment insurance," and that §9404 GC did apply since it was broader in scope and applied to "policies of insurance," which aptly described the policy in question. We approve of the judgment of the trial court. However, this court holds that whether §9403 or 9404 GC is applied to the facts in this case, no distinction or discrimination has been made by the defendant company, and that said statutes have not been violated in the manner in which it has declared and paid dividends on the policy of insurance held by the plaintiff. Both sections of the statute provide that no distinction or discrimination shall be made between "insured of the same class and equal expectation of life." Clearly, the risk assumed by the defendant company under the plaintiff's policy was greater than it would have been if said contract of insurance had not contained a provision for disability benefit insurance.

This court holds that the plaintiff, being insured by the defendant company in a life insurance contract with a disability benefit provision as an integral part of said contract of insurance, is not in the same class as the holder of a similar life insurance policy which does not contain a disability benefit provision. We find that the defendant company equitably apportioned its divisible surplus to the plaintiff and other policyholders in the same class.

The plaintiff contends that the trial court committed prejudicial error in refusing to admit in evidence "Exhibit B." The record shows that "Exhibit B" was a certain book published by the defendant company in 1926 and described as "The Mutual Life Insurance Company of New York—Premium Rates, Guarantees and Rules, Regulations and Instructions for Local Agents and Solicitors." In the stipulation, the parties agreed that "said book shall be received in evidence." However, in said stipulation the parties also agreed that they should have the right to except "to any and all statements in the stipulation, upon the ground of incompetency, irrelevancy, or immateriality." In view of the latter stipulation, we are of the opinion that the defendant company reserved the right to object to the introduction of "Exhibit B" into the evidence. "Exhibit B" contained a printed statement as follows: "The

guaranteed cash, loan, and other values are the same as those in policies without disability benefits, and such values will increase each year in the same manner, and the amount of dividends will be the same as if each premium had been paid when due instead of being waived." Nowhere does the record disclose that the plaintiff had any knowledge of, or in any way relied on, any statement in "Exhibit B" at the time he purchased the insurance. The trial court found and this court holds, that "Exhibit B" did not constitute any part of the plaintiff's contract of insurance, that the entire contract between plaintiff and defendant company was contained in the application for insurance and the policy which was subsequently issued. Pratt v Mutual Life Ins. Co., 157 Kans., 710. We hold that prejudicial error was not committed in refusing to admit "Exhibit B" into the evidence.

Plaintiff contends that the trial court committed prejudicial error in its Separate Findings of Fact No. 5 by going outside of the record. We do not find that the record in this case supports the contention of the plaintiff.

Furthermore, the plaintiff contends that the judgment of the trial court is against the manifest weight of the evidence. We are of the opinion that there is ample evidence in this case to support the judgment of the trial court. The judgment of the trial court is affirmed.

An entry may be drawn accordingly.

HORNBECK, PJ, and MILLER, J, concur.

**MOTION TO DISMISS ASSIGNMENT OF ERROR AND BRIEF**

Decided March 7th, 1946.

522

## OPINION

**By THE COURT:**

Submitted on motion by plaintiff-appellant to dismiss defendant-appellee's assignment of error and brief, and to strike defendant-appellee's brief from the files.

Counsel for plaintiff-appellant regards defendant-appellee's brief in the nature of an assignment of error. We do not so regard it. It is not prepared as an assignment of error and does not comply with the rules of Court in regard thereto. Furthermore, counsel for the defendant-appellee assured this Court that they were not urging an assignment of error in this case.

Inasmuch as the Court is of opinion that the brief is not an assignment of errors and counsel for appellee have conceded the point, the matter is a closed question in this court. If counsel for appellant is concerned about the status of appellee's brief as constituting an assignment of errors, the conclusion which we have reached may be carried into the journal entry. The whole matter becomes of little moment in view of the fact that the opinion released this day is an affirmance of the judgment of the trial court and it is only in the event of a reversal that the court could consider the appellee's brief as an assignment of errors. This branch of the motion will be overruled.

The motion to strike defendant-appellee's brief from the files on the ground that it was not filed within the time prescribed and does not comply strictly with Rule VII as to form, will be overruled. The Court finds these facts to be true; however, it lies within the broad discretion of the Court to waive any defect as to form which is not of a serious nature, and in order to expedite the final disposition of the case, to permit the defendant-appellee's brief to be filed as within rule. **Waller v Leach, et, 44 Abs 127.** So ordered.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.